## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROGER E. FLUD, as attorney in fact for his )
father, LAWRENCE E. FLUD, an incapacitated )
person, )
            )
           Plaintiff, )
            )
v. )      Case No. 10-CV-725-GKF-TLW
            )
THE UNITED STATES OF AMERICA, *ex rel.,* )
DEPARTMENT OF VETERANS AFFAIRS, )
MUSKOGEE REGIONAL OFFICE, )
            )
           Defendant. )

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #10) of defendant United States, ex rel. Department of Veterans Affairs, Muskogee Regional Office ("United States"). The United States argues for dismissal based on the failure of plaintiff Roger E. Flud ("Flud") to file a certificate of review, as required by 12 O.S. § 19, which the United States claims is applicable to the suit.

Sovereign immunity shields the United States, its agencies, and its officers from suit, except where Congress has waived immunity. *Normandy Apartments, Ltd. v. U.S. Dept. of Housing & Human Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009); *U.S. v. Sherwood*, 312 U.S. 584, 587-88 (1941). The Federal Tort Claims Act ("FTCA") operates as a limited waiver of sovereign immunity in cases of personal injury caused by the negligence of federal agents acting within the scope of their duties. 28 U.S.C. §§ 1346, 2671.

In a suit arising under the FTCA, the court must apply the substantive "law of the place where the act or omission occurred" and consider the United States as though it were a private party liable to the claimant. 28 U.S.C. § 1346(b)(1); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471

(1994); *Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990). The phrase "law of the place"

has been interpreted to mean the law of the State. *Meyer*, 510 U.S. at 478.

No court has yet addressed whether 12 O.S. § 19 is substantive law. However, the Tenth

Circuit has held that a similar statute in Colorado (Colo. Rev. Stat. § 13-20-601) is substantive.

*Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996); *Hill v.*

*Smithkline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) (concluding that the Colorado

statute applies to professional negligence claims under the FTCA). In *Trierweiler*, the Tenth Circuit

applied the *Erie* analysis and concluded that, because failing to apply the Colorado statute would

lead to "substantially different" outcomes at the state and federal levels, the statute was substantive

law. *Trierweiler*, 90 F.3d at 1540.

The Colorado and Oklahoma statutes are similar in aim and structure. The Colorado statute

requires that the attorney for the plaintiff in a professional negligence suit execute a "certificate of

review" declaring that the attorney has consulted with an expert in the subject of the suit. Colo. Rev.

Stat. § 13-20-602(3)(a)(I). The Oklahoma statute requires that the plaintiff attach an affidavit to the

petition, attesting that the plaintiff has consulted and reviewed the facts of the claim with a qualified

expert. 12 O.S. § 19(A)(1). The Colorado statute requires the affidavit declare that an expert has

reviewed the facts, and on that basis believes the claim "does not lack substantial justification."

Colo. Rev. Stat. § 13-20-602(3)(a)(II). The Oklahoma statute requires the expert to provide a

written opinion that includes the determination of the expert that "a reasonable interpretation of the

facts supports a finding [of professional negligence]." 12 O.S. § 19(A)(1)(b). Both statutes thereby

aim to weed out frivolous claims. *See Trierweiler*, 90 F.3d at 1540. Flud does not argue that the

statute is inapplicable to this case.  For the foregoing reasons, this court considers the Oklahoma

statute, like the Colorado statute, substantive and applicable.

The Oklahoma statute requires that a plaintiff in a professional negligence suit attach to the

petition an affidavit attesting that:

   a.    the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,

   b.    the plaintiff has obtained a written opinion from a qualified expert that clearly

         identifies the plaintiff and includes the determination of the expert that, based upon

         a review of the available material including, but not limited to, applicable medical

         records, facts or other relevant material, a reasonable interpretation of the facts

         supports a finding that the acts or omissions of the defendant against whom the

         action is brought constituted professional negligence, and

   c.    on the basis of the review and consultation of the qualified expert, the plaintiff has

         concluded that the claim is meritorious and based on good cause.

12 O.S. § 19(A)(1).

The written opinion must "state the acts or omissions of the defendant or defendants that the

expert . . . believes constituted professional negligence and . . . include reasons explaining why the

acts or omissions constituted professional negligence."  12 O.S. § 19(A)(3).  If the affidavit is not

attached, the court may, upon application of the plaintiff for good cause shown, grant an extension

of time not exceeding ninety (90) days after the date the petition was filed.  12 O.S. § 19(B)(1).

Otherwise the court must, upon motion of the defendant, dismiss the action without prejudice.  12

O.S. § 19(B)(2).

Flud has failed to comply with certain procedural provisions of the Oklahoma statute. First, after filing a petition without the required affidavit, he did not seek an extension of time of up to ninety days, as permitted by the statute. Second, he provided an unsigned written opinion in his Response (Dkt. #13), filed March 21, 2011, without seeking leave of court. A signed copy of the written opinion was filed on April 5, 2011 (Dkt. #15), 140 days after the petition was filed. Third, in referring to the "difficulty in accommodating the schedules of the doctor and counsel" (Dkt. #13 at 1), he has not shown good cause for filing the affidavit on the one hundred twenty-fifth day.

Of more concern, however, the written opinion in Flud's Response does not address negligence or breach of the standard of care, as required by the Oklahoma statute. The opinion states that "[d]efendants' employees [sic] failure to treat [Flud's] spinal cord compression in a timely fashion contributed to his present debilitated condition." A delay in treatment, however, does not necessarily constitute professional negligence. *See Boyanton v. Reif*, 798 P.2d 603, 604-05 (Okla. 1990) (noting that mistakes do not always constitute professional negligence, which requires a violation of the standard of care). The affidavit states only that the failure of defendants to treat Flud in a timely fashion contributed to his injury, not that their "acts or omissions . . . constituted professional negligence." 12 O.S. § 19(A)(1)(b). While the courts "do not require a ritualistic incantation to establish consideration of a legal issue" (*U.S. v. Kelley*, 359 F.3d 1302 (10th Cir. 2004) (citation omitted)), the plaintiff must at least allege facts from which professional negligence may be inferred. *See also Robinson v. Okla. Nephrology Assocs., Inc.*, 154 P.3d 1250, 1254 (Okla. 2007) ("Our case law requiring a medical malpractice plaintiff to produce evidence that injuries were caused by a particular physician's negligence has never required the production of experts who will utter a particular magic phrase, but focused instead on the particulars of each case. . . ."); *Kelley*

4

*v. Mid-America Racing Stables, Inc.*, 1990 WL 193626, at *4 (W. D. Okla. 1990) ("Taken as a whole, plaintiffs' complaint makes allegations sufficient to fall into the 'reckless' category, and will not be dismissed for failure to use the magic word reckless."). Dr. Tomacek's written opinion relates to the element of causation, not the element of professional negligence. Because the affidavit fails to assert that the facts support a finding of professional negligence, it does not satisfy 12 O.S. § 19.

Wherefore, the Motion to Dismiss (Dkt. #10) of defendant United States is granted. The petition is dismissed without prejudice.

IT IS SO ORDERED this 24th day of June, 2011.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma